IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00607-BO

**Strike 3 Holdings, LLC**,

            Plaintiff,

v.

**John Doe**, subscriber assigned IP address 76.36.246.144,

            Defendant.

**Order**

This matter is before the court on Defendant John Doe's motion to quash. D.E. 10. Plaintiff Strike 3 Holdings opposes the motion. Resp., D.E. 11. For the reasons below, the court will deny the motion.

I.    **Background**

In November 2024, Plaintiff Strike 3 Holdings moved for early discovery. Mot., D.E. 5. It sought to subpoena an internet service provider (ISP) to learn the identity of one of its subscribers. *Id*. Strike 3 alleged that the subscriber had infringed on its copyrights by illegally downloading its movies. *Id*.[1]

After considering the motion under a four-part reasonableness test, the court allowed Strike 3's motion. Order, D.E. 8. The Order directed Strike 3 to serve the subpoena on the ISP seeking the subscriber's name and address. *Id*. ¶ 1, 3. The ISP would provided the subscriber with the subpoena and other relevant filings. *Id*. ¶ 5(a). The Order allowed the subscriber to move to quash the subpoena with 14 days of receiving it. *Id*. ¶ 6.

---

[1] Earlier this year, Strike 3 also sought more time to effectuate service, which the court allowed. Mot., D.E. 7; Order, D.E. 8.

Doe's motion seeks to avail himself of that relief. Mot., D.E. 10. Strike 3 opposes the motion to quash. Resp., D.E. 11.

II. **Discussion**

Federal Rule of Civil Procedure 45 permits a party to issue subpoenas for the production of documents and other things from nonparties. *See id.* Rule 45(a)(1)(C). The Rule allows the court to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). And Rule 26 enables a party to challenge a subpoena that is overbroad or seeks irrelevant information. *Id.* 26(b)(1); *see also EEOC* v. *Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017).

While parties seldom have standing to challenge third-party subpoenas, they may do so when they have a "personal right or privilege with respect to the documents sought." *Id.* at *3 (citing *Jason's Enter., Inc.* v. *Gen. Accident Ins. Co. of Am.*, Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. June 25, 1996)). The party moving to quash the subpoena must show that it is entitled to the relief it seeks. *Va. Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019).

Doe advances several reasons why the court should quash the subpoena on his ISP, Spectrum. First, Doe claims that subpoena was not properly served on him because he received notice of it when the ISP mailed it to him. But as Strike 3 notes, there is no requirement that it serve Doe the subpoena. The subpoena was directed to and served on his ISP. And the purpose of the subpoena was to learn Doe's identity to enable the litigation to proceed. So it is unclear how Strike 3 could serve Doe without knowledge of his name or address.

What's more, the Order allowing early discovery directed Strike 3 to serve the ISP. Order ¶¶1, 3. It instructed the ISP to send the subpoena and other case documents to the Doe subscriber

at an email address or mailing address. *Id*. ¶ 5(a). Nothing in the Rules or the Order required service of the subpoena directly on Doe. So this argument provides no basis to quash the subpoena.

Second, Doe contends, that the subpoena allowed too little time for him to respond. This argument, too, is unpersuasive. Allowing the subscriber 14 days from receipt of the subpoena to move to quash, as the Order provided, is sufficient to protect his interests. *Id*. ¶ 6. Nor is there any claim that Doe failed to respond to the subpoena. Nor did Doe seek an extension of time to move to quash it. And as Strike 3 points out, it directed the subpoena to the ISP, not Doe. So Spectrum, not Doe, is the responding entity. Doe's timing claim thus provides no basis to quash the subpoena.

Does' third assertions states that permitting Strike 3 to learn his identity may embarrass him by incorrectly identify him as the infringer. Yet the court considered this argument in the Order allowing early discovery. It noted the privacy concerns and potential embarrassment that the subpoena implicated, and remarked that the subscriber may not be the one downloading infringing material. *Id*. at 3–4. But it created temporary safeguards limiting Strike 3's use and disclosure of Doe's information, providing for sealed summonses, and allowing Doe to proceed anonymously. *Id*. ¶¶ 8–10. So the court has already accounted for Doe's concerns. But in light of Doe's representation that he may not be the downloader, the court will extend his right to proceed pseudonymously.

Fourth, Doe maintains that Strike 3 will not be prejudiced by quashing the subpoena. Strike 3 disagrees, arguing that disclosing Doe's identity is a prerequisite to the litigation advancing. The court concluded so it its Order allowing early discovery. *Id*. at 3 (noting that the case "will be unable to move forward until Strike 3 learns the defendant's identity."). So this argument is unavailing.

Finally, Doe's argument that the parties continue to engage in good faith settlement negotiations has no bearing on the information sought by the subpoena and provides no grounds to quash it.

So the court will deny Doe's motion to quash (D.E. 10).

### III.   Conclusion

For the reasons stated, the court denies the motion to quash (D.E. 10). The ISP should promptly respond to the subpoena. But the court orders that the Defendant may appear in this litigation pseudonymously as "John Doe" until the Court orders otherwise. The Court prohibits Plaintiff from publicly filing documents with Defendant's true name, address, or other additional information.

Dated:  May 9, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge